# COHEN, LaBARBERA & LANDRIGAN, LLP
## ATTORNEYS AT LAW

RONALD J. COHEN (NY BAR & LL.M. IN TAXATION)
STEPHEN P. LaBARBERA (NY BAR)
THOMAS C. LANDRIGAN (NY & NJ BAR)
-------------------------------------
OXANA LUKINA (NY BAR)
JENNIFER T. MULLEADY (NY BAR)
MELISSA A. PERRY (NY BAR)

KYLE A. SEISS (NY & NJ BAR)

99 BROOKSIDE AVENUE
CHESTER, NY 10918
TELEPHONE (845) 291-1900
FACSIMILE (845) 291-8601*
EMAIL: Call for Individual Email Addresses

July 27, 2022

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov



**Re:** Plaintiffs' Objection to Defendants' Pre-Motion Letter for Motion to Dismiss and Response to Defendants' Pre-Letter Motion to Adjourn Case Management Conference in *Zuhovitzky v. UBS AG CHE 101.329.562,* No. 1:21-cv-11124 (S.D.N.Y.)

Dear Judge Failla,

I represent Plaintiffs Jonathan and Esther Zuhovitzky in the above case. Plaintiffs herein respond to Defendants' Pre-Motion Letter for Motion to Dismiss and Request to Adjourn Case Management Conference.

First, I wish to apologize to the Court for the tardiness of my response. I have had an emergent medical issue arise this past week out of long-term serious illness and its medical treatment and was simply unable to work to full capacity. In the interest of respecting and most efficiently utilizing the Court's resources, the Plaintiffs do not object to Defendants' request to adjourn the case management conference in this matter.

Plaintiffs assert that their complaint is not facially deficient in the manners described by Defendants and where there is any ambiguity as to the sufficiency of Plaintiffs' pleading those issues can be easily addressed through an amended complaint, thereby making Defendants' proposed Motion to Dismiss untimely. Plaintiffs challenge Defendants' statement that no discovery is necessary prior to adjudicating their proposed Motion to Dismiss. Plaintiffs' claims center on the Defendants' fraudulent actions and their fraudulent concealment of vital information in this matter. Defendants have been the sole proprietors and keepers of much of the information central to this matter.

Defendants claim that the Complaint is deficient in the following ways: 1) this Court lacks subject matter jurisdiction over all claims; 2) this Court lacks personal jurisdiction over three of the five defendants; 3) venue is not appropriate; 4) claims of fraud have not been pled with the necessary particularity; 5) claims are time-barred; and 6) the claims fail on the merits.

## 1. The Court Has Subject Matter Jurisdiction over the Claims

The origins of this matter lie in UBS' knowing failure to comply with the requirements of the agreements involving the United States of America, the Swiss Confederation and UBS which allowed the resolution of the "John Doe Summons" issued by the Internal Revenue Service specifically to force the mass release of private bank account information from UBS. The United

States' demand for the release of account information by UBS was strongly contested by both the Swiss Government and UBS as violating both Swiss banking and Swiss criminal laws. The parameters of UBS' release of information was controlled by two agreements. The first signed agreement was signed August 19, 2009 between the Swiss Confederation and the United States of America. The second agreement was between the United States of America and UBS AG in order to resolve the dispute over the John Doe Summons matter heard before the United States District Court for the Southern District of Florida. *United States of America v. UBS AG* 09-20423-CIV-GOLD/MCALILEY, stipulation of dismissal 8/19/2009. The very notice which UBS denied to Plaintiff Esther Zuhovitzky, which would have granted her the ability to defend her account information prior to it being released by UBS, is attached in draft form to the stipulation of dismissal.

Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides that federal district courts shall have original jurisdiction of all civil actions "arising under" the laws of the United States. To determine whether an action "arises under" federal law, a court must inquire, first, "whether federal law creates the cause of action," and if not, then second, "whether that cause of action poses a substantial federal question." *West 14th St. Commercial Corp. v. 5 West 14th Owners Corp.,* 815 F.2d 188, 193 (2d Cir.1987); *Barbara v. New York Stock Exch., Inc.,* 99 F.3d 49, 53–54 (2d Cir.1996).

The basis of this matter centers around UBS' business activities within the United States and its interactions with the United States' government agencies and courts. The central issue is whether UBS knowingly and fraudulently violated its duties to the Zuhovitzkys as required of UBS by the conditions of its settlement with the IRS in a sister Federal Court. This provides this Court with subject matter jurisdiction.  In this context, plaintiffs contest that there is substantial federal interest because the resolution of the claims turns on whether UBS violated the agreements between the United States and the Swiss Confederacy and the United States (through the IRS) and UBS.

2.   **The Court Has Personal Jurisdiction Over Defendants UBS AG, UBS Switzerland AG and UBS Financial Services Inc**.

UBS Ag was formed in 1998 by the merger of the Swiss Bank Corporation and the Union Bank of Switzerland. UBS Switzerland AG is an heir/alter ego of UBS AG first registered with the Swiss Commercial Registry on December 15, 2014. All other defendants are subsidiaries of either or both of UBS AG and UBS Switzerland AG.

It is well established that UBS AG and its offshoots have engaged in sufficient business activities to make them susceptible to the jurisdiction of the United States Federal Courts. UBS has been under criminal indictment and has signed non-prosecution agreements and paid many millions of dollars in fines for criminal activities within and against the United States. The claims in this matter arise directly out of UBS' illicit activities and their agreements with the United States in order to avoid criminal prosecution.

Specific jurisdiction relies on defendants' forum related activities that give rise to the plaintiff's claims. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 US 408, 413-14, (1984). Establishing specific jurisdiction involves a three part inquiry: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts and (3) whether the exercise of jurisdiction otherwise comports

with traditional notions of fair play and substantial justice. *O'Connor v Sandy Lane Hotel Co., Ltd.* 496 F3d 312, 317 (3d Cir. 2007) Specific jurisdiction is not defeated merely because the bulk of the harm occurred outside the forum. *Keeton v Hustler Magazine, Inc.* 465 US 770, 780 (1984).  A single act may satisfy the minimum contacts test if it creates a substantial connection with the forum. *Burger King Corp. v Rudzewicz*, 471 US 462, at 476 n. 18 (1985).

### 3.   New York is the Appropriate Forum for this Action

The Plaintiffs, being an international couple, have ties to numerous countries and jurisdictions. Plaintiff husband resided in New York, New York for more than a decade. During that time, Plaintiff husband was repeatedly visited by UBS bankers in violation of UBS' agreements with the United States to cease all cross-border banking activities. Plaintiff husband was repeatedly asked by UBS bankers to perform actions which, had he complied, would have been in violation of the US/UBS agreements. Plaintiffs have no connection to any other jurisdiction within the United States, making this Court the appropriate forum.

The claims brought by Plaintiff Esther Zuhovitzky against UBS in Zurich are based on contractual claims under Swiss law. *Zuhovitzky v. UBS Switzerland AG & UBS AG,* No. CG200081-L/Z01 (Dist. Ct., City of Zurich). The matter before this Court is based on violations of U.S. law and the agreements signed between UBS and the United States. These claims are controlled by U.S. not Swiss law and fall outside of the control of UBS's contractual relationship with Mrs. Zuhovitzky.

### 4.   Plaintiffs Have Pled Their Claims with Sufficient Particularity

Plaintiffs assert that they have pled claims of fraud, fraudulent concealment, and fiduciary duty with the specificity necessary to meet the requirements of an initial pleading. Some required information continues to be in the exclusive control of the Defendants. Plaintiffs assert that any insufficiency can and will be easily correct with an amendment to the Complaint.

### 5.   Plaintiffs' Claims are Timely

Under New York law, which rules this Court's consideration of statutes of limitations, Plaintiffs claims are not time barred. Plaintiffs did not become aware of Defendants fraudulent concealment of the undelivered notification letter until May 2019. This indicates that Defendants were engaged in continuing fraudulent activity until that time. Plaintiffs' claims are timely and further all statutes of limitation should be equitably tolled due to Defendants' continued course of fraudulent concealment and their exclusive control over hidden information.

### 6.   Plaintiffs' Claims Have Merit Under United States Law

The violations within this matter are strictly related to obligations and legal duties related to Defendants agreements with the United States of America and harms caused by Defendants failure to comply with those laws and requirements. Plaintiffs are only required to prove that Mrs. Zuhovitzky was knowingly denied the opportunity to protect her rights. Defendants are not in a position to determine whether Plaintiffs' will win on the merits. That determination is entirely in the hands of the trier of fact.

For the reasons herein stated, Plaintiffs object to Defendants request to file a Motion to Dismiss.

Respectfully Submitted,

Melissa A. Perry, Esq.

The Court is in receipt of Defendants' pre-motion letter (Dkt. #11) and Plaintiffs' above response (Dkt. #31).  The Court hereby converts the initial pretrial conference scheduled to take place on **August 18, 2022, at 12:00 p.m.,** into a pre-motion conference.  The parties are hereby directed to come prepared to discuss the substance of these letters and any contemplated motions.

Defendants shall answer or otherwise respond to the Complaint no later than August 30, 2022.

The Clerk of Court is directed to terminate the pending motions at docket entries 30 and 31.

Dated:     July 27, 2022                SO ORDERED.
           New York, New York

                                        HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE